UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Hope Dorn, | ) | C/A No. 8:06-02571-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Town of Prosperity; Craig Nelson, | ) | |
| individually and as an officer with the | ) | |
| Town of Prosperity Police Department, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Hope Dorn brought this action pursuant to 42 U.S.C. § 1983, alleging that her Fourth Amendment rights were violated based on false statements in the arrest warrant affidavit. She further alleges state law claims for malicious prosecution and false arrest. More specifically, the plaintiff alleges in her Complaint that she was arrested and detained on May 25, 2005 based on a warrant sworn out by defendant, Officer Nelson, on the municipal criminal charge of obstructing a police officer. She alleges that Nelson made material misrepresentations in the affidavit to secure the warrant and that the charge was subsequently dismissed. She asserts that the material misrepresentations were that she refused to identify herself to him; she refused to answer any questions about the investigation; and that she advised her fiancé by telephone to stay away from the scene.

This matter is before the court on defendants' motion for summary judgment filed January 30, 2008 with supporting memorandum filed on February 29, 2008[1] and plaintiff's response filed on April

---

[1] The Court granted the defendants' motion for extension of time to supplement the motion for summary judgment, with consent of the plaintiff on February 20, 2008.

1

28, 2008.[2]

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

---

[2] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

**Constitutional Claim and Qualified Immunity Defense**

The defendant Nelson has moved for summary judgment on the basis of qualified immunity. The Court must consider two questions in assessing whether a law enforcement officer's conduct is protected by qualified immunity. First, the court must consider whether, taken in the light most favorable to the party asserting the constitutional violation, the facts show that the officer violated a constitutional right. Then, if so, the court must ask whether the rights asserted were clearly established at the time. *Miller v. Prince George's County, Md., et al*, 475 F.3d 621,626-627 (4th Cir. 2007).

The Fourth Amendment prohibits unreasonable seizures without probable cause. "A police officer violates the Fourth Amendment if, in order to obtain a warrant, he deliberately or 'with reckless disregard for the truth' makes material false statements or omits material facts." *Id*., 475 F.3d at 631, citing *Franks v. Delaware*, 438 U.S. 154 (1978).[3] "A reasonable officer cannot believe a warrant is supported by probable cause if the magistrate is misled by statements that the officer knows or should know are false." *Smith v. Reddy*, 101 F.3d 351 (4th Cir. 1996). Here, the plaintiff alleges that her seizure was unreasonable because the warrant affidavit contained material false statements. "To succeed on (her) claim, Plaintiff must prove that (the officer) deliberately or with a 'reckless disregard for the truth' made material false statements in his affidavit. . . or omitted from that affidavit 'material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading. . . 'Reckless disregard' can be established by evidence that an officer acted 'with a high degree of awareness of [a statement's] probable falsity,' that is, 'when viewing all the evidence, the affiant must

---

[3] In the context of a criminal proceeding, to be entitled to a *Franks* hearing, a defendant must "make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Franks*, 438 U.S. at 155-56. In addition, the allegedly incorrect information in the warrant must be essential to the probable cause determination. *See United States v. Colkley*, 899 F.2d 297 (4th Cir. 1990).

have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *Id.*, 475 F.3d at 627, *citing Wilson v. Russo*, 212 F.3d 781, 788 (3rd Cir. 2000). Negligence or innocent mistake by the officer does not provide the basis for a constitutional claim. *Id.*, citing *Franks*, 438 U.S. at 171.

> Moreover, in order to violate the Constitution, the false statements or omissions must be "material," that is, "necessary to the [neutral and disinterested magistrate's] finding of probable cause. . . To determine materiality, a court must "excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause. . . If the 'corrected' warrant affidavit establishes probable cause, no civil liability lies against the officer.

*Miller*, 475 F.3d at 628.

In *Miller*, the plaintiff alleged that his seizure was unreasonable because it followed a warrant affidavit that was deficient because there was dishonesty on the part of the detective. The detective in *Miller* argued that the plaintiff's account of the facts was incorrect and that he did not present false statements in the affidavit. In denying the motion for summary judgment on the basis of qualified immunity, the Court stated: "Perhaps Det. Dougans may ultimately persuade a factfinder, but this argument cannot prevail on summary judgment, for at this stage we do not find facts." *Id*.

In the case at bar, the plaintiff has presented her deposition and the affidavits of witnesses to support her claims of material misrepresentation by the officer.[4] Clearly, these misrepresentations by

---

[4] The officer stated in his warrant affidavit that "Miss Dorn also advised William Kevin Lathrop on a cell phone, the subject of the reckless driving report, to stay away from the incident location so that he would not be charged." However, Plaintiff testified that she told Kevin Lathrop, "to come down there to straighten it up to give his side of the story" but that he refused to do so. (Hope Dorn Depo., p. 36). Donna Horning, a witness who was allegedly present and heard the telephone conversation between Plaintiff and Lathrop, states: "She advised who I believe to be Kevin Lathrop on the other end of the phone, to come to Prosperity to speak to Officer Craig Nelson. It was also apparent that Kevin Lathrop did not intent (sic) to comply with her request, and she became agitated with the subject and ended the conversation." (Docket entry #39-4).

the officer were essential to a finding of probable cause, and Defendant does not argue that probable cause still existed for the obstruction of justice charge even if the alleged misrepresentations were excluded. Here, based upon the record before the Court, Dorn has shown that disputed issues of material fact exist as to violation of a constitutional right by Officer Nelson. Here, Officer Nelson was not simply reporting in the affidavit what witnesses told him. Instead, Officer Nelson who was the affiant upon which the warrant was issued, was also the witness who allegedly observed or heard the plaintiff's conduct which served as the basis for the arrest. What Officer Nelson saw or heard which was the basis of the arrest warrant being issued is in dispute. Clearly, this was a factual dispute, with defendant denying those allegations and plaintiff asserting they were material misrepresentations. Even in Defendant's Memo, counsel acknowledges that the contents of a phone call by the plaintiff are in dispute. (*See* Defendant's Memorandum, p. 2.)

"(Defendant) may ultimately persuade a factfinder, but this argument cannot prevail on summary judgment, for at this stage we do not find facts. Rather, with respect to any factual dispute, we must take the facts in the 'light most favorable to the party asserting the injury,' i.e. Plaintiff." *Id*, 475 F.3d at 628-629, citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Taken in the light most favorable to the plaintiff, a reasonable jury could find that the arrest warrant affidavit in the case at bar contained material misrepresentations made deliberately or with reckless disregard of the truth. Clearly, this court cannot weigh the evidence, and the credibility of witnesses is for the jury. If the jury believes the plaintiff's version of the facts rather than Officer Nelson's version, then the probable cause requirement for a warrant would be lacking. Therefore, the defendant's motion for summary judgment on the basis of qualified immunity is denied.

### State Tort Law Claims

Looking at the matter in the light most favorable to the nonmoving party, and based on the record before the court and the briefs submitted by counsel, the court finds that there are genuine issues of material fact precluding the granting of summary judgment as to both state law claims of malicious prosecution and false arrest.

### Conclusion

The defendant's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

                                          s/R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

May 9, 2008
Florence, SC