UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Hope Dorn, | ) | Civil Action No.: 8:06-cv-2571-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | **ORDER** |
| The Town of Prosperity, Craig Nelson, | ) | |
| individually as an officer with the Town of | ) | |
| Prosperity Police Department, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the defendant's [82] Motion for Judgment as a Matter of Law.

Defendant moves for judgment as a matter of law on the plaintiff's common law false arrest claim on the basis that the arrest in this case was based upon a facially valid warrant and that, therefore, the plaintiff's claim should have been for malicious prosecution and not for false arrest, citing *Bushardt v. United Inv. Co.*, 121 S.C. 324, 113 S.E.2d 637 (1922).[1]

"A [district] court may only grant a motion for judgment as a matter of law (formerly j.n.o.v.) if, viewing the evidence in the light most favorable to the non-moving party and drawing every legitimate inference in that party's favor, the court determines that the only conclusion a reasonable trier of fact could draw from the evidence is in favor of the moving party." *Tools USA v. Champ Frame Straightening Equip.*, 87 F.3d 654, 656-57 (4th Cir. 1996).

---

[1] Plaintiff dismissed her malicious prosecution claim before the case was submitted to the jury. The jury returned a verdict for the plaintiff against defendant Town of Prosperity on the false arrest claim in the amount of $23,500.00.

1

The factual context of the instant case was that a warrant for the plaintiff's arrest was issued by a magistrate based on an affidavit by defendant, police officer Nelson. The affidavit upon which the warrant was based allegedly contained material misrepresentations by the officer. Officer Nelson was not the officer who served the arrest warrant on the plaintiff. The warrant was served by another officer who is not a party to the lawsuit. The plaintiff's case was based upon evidence that defendant Nelson was present at the events which were the basis of the issuance of the warrant but that he misrepresented the facts supporting the basis for arrest to the magistrate. In the case at bar, the Court believes that the false arrest claim was properly submitted to the jury under the evidence presented and the common law of South Carolina.

A close reading of the South Carolina cases on false imprisonment, also known as false arrest, shows that claims for false arrest and claims for malicious prosecution are intended to remedy different wrongs. False arrest claims are intended to award damages for the "unlawful restraint of the individual's personal liberty or freedom of locomotion. The essence of the tort is to provide protection of the personal interest each citizen enjoys as a matter of right from restraint of movement." *Thompson v. Smith*, 289 S.C. 334, 345 S.E.2d 500, 502 (Ct. App. 1986); *Thomas v. Colonial Store, Inc.*, 236 S.C. 95, 113 S.E.2d 337 (1966). The elements of false imprisonment are (1) the defendant restrained the plaintiff; (2) the restraint was intentional; and (3) the restraint was unlawful. *Id*. Malice is not an element. "The fundamental issue in determining the lawfulness of an arrest is whether there was 'probable cause' to make the arrest." *Gist v. Berkeley County Sheriff's Department*, 336 S.C. 611, 521 S.E.2d 163, 165 (1999), *citing Wortman v. Spartanburg*, 310 S.C. 1, 425 S.E.2d 18 (1992). In *Gist*, the trial court had granted the motion for summary judgment by the Sheriff's Department on the false arrest claim because a magistrate issued the warrant for the plaintiff's arrest. The South Carolina Court of Appeals held that the action did not arise from the Sheriff's execution of the warrant but rather from

"allegedly securing the warrant without probable cause. Therefore, the Sheriff's Department is not shielded from liability by the arrest warrant" and it was improper to dismiss the false arrest claim. 521 S.E.2d at 167. *See also Jackson v. City of Abbeville*, 366 S.C. 662, 623 S.E.2d 656 (Ct. App. 2005) (Both false arrest and malicious prosecution claims are predicated on the lack of probable cause. "Probable cause turns not on the individual's actual guilt or innocence, but on whether facts within the officer's knowledge would lead a reasonable person to believe the individual arrested was guilty of a crime . . ."). In *Jones v. City of Columbia,* 301 S.C. 62, 389 S.E.2d 662 (1990), the South Carolina Supreme Court reiterated that

> the essence of the tort of false imprisonment consists of depriving a person of his liberty without lawful justification. . . An action for false imprisonment cannot be maintained where one is arrested by lawful authority. . . The fundamental question here, therefore, is whether probable cause existed to arrest (Jones) on the charge brought against her . . ."Probable cause" is defined as a good faith belief that a person is guilty of a crime when this belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise. South Carolina follows the minority rule that the issue of probable cause is a question of fact and ordinarily one for the jury.

*Id.*, 389 S.E.2d at 663.

Where an officer makes material false statements in an affidavit made in support of an arrest, or makes such statements in reckless disregard for the truth, and those misleading statements are excised from the affidavit, if the "corrected" warrant establishes probable cause, then the arrest was still lawful. However, if probable cause does not exist without the offending statements, then probable cause does not exist for the arrest. *See Miller v. Prince George's County, Md*., 475 F.3d 621 (4th Cir. 2007); *Wilkes v. Young*, 28 F.3d 1362 (4th Cir. 1994).

The elements of a malicious prosecution claim, on the other hand, are institution of judicial proceedings, by the defendant, termination of the proceedings in the plaintiff's favor, malice, lack of probable cause, and damage. *Jordan v. Deese*, 317 S.C. 260, 452 S.E.2d 838, 879 (1995).

The Court held a jury charge conference with both counsel's input, and they agreed upon the following charge without objection:

> The essence of the tort of false arrest consists of depriving a person of his liberty without lawful justification. An action for false arrest cannot be maintained where one is arrested by lawful authority. The fundamental question is whether probable cause existed as I have previously explained to you. . . .False arrest consists of the unlawful restraint, against her will, of an individual's personal liberty or freedom of locomotion. The use of force is not necessary to constitute a false arrest. The essential element is the restraint of the person. In order to recover under a theory of false arrest, the plaintiff must prove: (1) the defendant caused the plaintiff to be arrested; (2) the decision to arrest was intentional; and (3) the arrest was unlawful in that it was done without probable cause.
> Restraint constituting a false arrest may be committed by words alone or acts alone, or by both, and may operate merely on the will of the individual, or by personal violence, or by both. It is not necessary that the individual be confined within a certain area, a prison, or within walls, or that he be assaulted, or even touched. The tort of false arrest does not require an actual injurious touching. It is not necessary that there should be any injury done to the individual's person, or to his character, or reputation. Nor is it necessary that the wrongful act be committed with malice, ill-will, or even with the slightest wrongful intention. Further, it is unnecessary that the act be under color of any legal or judicial proceeding. All that is necessary is that the individual be arrested without probable cause based on the acts and omissions of the defendant.
>     The requirement of intent necessary to establish a claim of false arrest is the intent to cause a confinement.
>     An action for false arrest cannot be maintained where the plaintiff was arrested by lawful authority. If the defendant was legally justified in causing the arrest of the plaintiff, then the plaintiff is not entitled to recover.

The Court also charged the jury without objection on probable cause and material misrepresentations or false statements in a warrant affidavit.

In the case at bar, in light of the jury verdict in favor of the plaintiff, the Court must assume in reviewing the motion now before it that the jury believed Ms. Dorn's testimony regarding her version of the events and disbelieved officer Nelson's testimony, which had served as the sole basis for the arrest warrant being issued by the magistrate, and that with those material misrepresentation omitted, there was no probable cause. Therefore, the jury must have concluded that Nelson made material misrepresentations in the warrant affidavit; that probable cause was lacking; and that the arrest was

unlawful.

The question is not whether the warrant was facially valid as written, as argued by the defendants, but rather whether the arrest was unlawful since the warrant was not supported by probable cause once the misrepresentations were omitted from it. "Probable cause was lacking on the face of the affidavit" once the material misrepresentations were omitted from the affidavit. *Franks v. Delaware*, 438 U.S. 154 (1978).

The cases cited by the defendants are factually distinguishable from the case at bar, as argued by the plaintiff.[2]  The Court accordingly denies the motion for judgment as a matter of law.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Court Judge

August 6, 2008
Florence, South Carolina

---

[2] In *Watkins v. Mobil Oil Co.*, 281 S.C. 79, 313 S.E.2d 641 (Ct. App. 1984), the case was before the court to determine whether the complaint stated a claim for false imprisonment. The court held that the facts pleaded in the complaint showed that the plaintiff was "arrested by duly constitutional law officer and the appellants did not restrain Watkins of his liberty." In *Manley v. Manley*, 291 S.C. 325, 353 S.E.2d 312 (Ct. App. 1987), the court granted a motion for summary judgment on the false imprisonment claim where the plaintiff was lawfully committed under the mental commitment statute. In *Prosser v. Parsons*, 245 S.C. 493, 141 S.E.2d 342 (1965), the court held that judgment should be entered for the defendant on the false imprisonment claim because the record clearly established that the plaintiff was arrested by lawful authority where she was arrested without a warrant based upon acts committed in the presence of the officer. Finally, in *Bushardt v. United Investment Co.*, 121 S.C. 324, 113 S.E. 637 (1922), the plaintiff was arrested without a warrant by a peace officer acting on positive identification by the victim and the arrest was therefore found to be lawful.  Also, the court found that, even if the arrest was not lawful, the relation of master and servant was lacking between the victim and the defendant company.